UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

ZACKERY J. ASKINS,                )
                                  )
         Plaintiff,               )
                                  )
v.                                )        Case No. CIV-25-1159-JD
                                  )
UNITED STATES OF AMERICA,         )
                                  )
         Defendant.               )

REPORT AND RECOMMENDATION

Plaintiff Zackery J. Askins, a federal prisoner proceeding pro se, brings claims under the Federal Tort Claims Act ("FTCA") against the United States of America. United States District Judge Jodi W. Dishman referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends the Court dismiss the action without prejudice.

I.       Background

Plaintiff filed this FTCA action on October 6, 2025. Doc. 1. In doing so, he properly named the United States of America as Defendant. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001) ("The United States is the only proper defendant in an FTCA action."); Doc. 1 at 1 (captioning the complaint "Plaintiff Zackery J. Askins [v.] Defendant United States of America").

Service upon the United States is more complex than service upon a private citizen defendant, and Federal Rule of Civil Procedure 4(i) specifies how it must be done. *See* Doc. 14 at 2 n.2 (quoting Fed. R. Civ. P. 4(i) in its entirety). Under the time period set forth in the Federal Rules of Civil Procedure, Plaintiff was to complete service by

January 5, 2026. *Id.* at 2 (citing Fed. R. Civ. P. 4(m)). He did not do so. On January 7, 2026, the Court granted Plaintiff an extension in which to complete service, making his new deadline March 9, 2026. *Id*. at 3 (citing *Espinoza v. United States*, 52 F.3d 838,841-42 (10th Cir. 1995)). The Court warned Plaintiff that "failure to serve Defendants by March 9, 2026, will result in the dismissal of this action without prejudice to refiling." *Id*. (citation modified).

Plaintiff again failed to complete service timely. On March 11, 2026, the Court ordered him to "prove service" and warned "in the absence of such a filing," "the Court will dismiss this action without prejudice against Defendants for whom there is no indication they have been served." Doc. 18 (citation modified). On March 25, 2026, Plaintiff timely filed what he purports to be proof of service effected on March 16, 2026. Doc. 20.

## II.    Discussion

### A.    Motion for default judgment

On June 8, 2026, Plaintiff filed a motion for default judgment ("Motion"), asserting Defendant has failed to respond timely to summons. Doc. 21. That Motion is currently before the Court. Pursuant to Federal Rule of Civil Procedure 55, "entry of a default judgment involves a two-step process." *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014). "If the defendant fails to timely respond to the complaint, the plaintiff can request entry of a default by the court clerk" under Rule 55(a). *Id*. "If the clerk enters a default, the plaintiff can then ask the court to grant a default judgment." *Id.* (citation modified). However, a default judgment may be entered against the United States, its

officers, or its agencies only if the party seeking default "establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d).

Here, Plaintiff has not yet completed step one of this process.  Plaintiff seeks entry of default judgment against Defendant, but he has not yet obtained an entry of default from the Clerk of Court.  Additionally, Plaintiff's Motion is not sufficient to satisfy the requirements for obtaining the entry of default.  Rule 55(a) requires that the party moving for entry of default demonstrate "by affidavit or otherwise" the failure to plead or otherwise defend by the "party against whom a judgment for affirmative relief is sought."  And the Court's Local Civil Rule 55.1 includes additional requirements for an affidavit in support of the default judgment.  Plaintiff's Motion does not meet these requirements.

**B.      Failure to establish proper service**

More importantly, Plaintiff has not established proper service.  As such, this action is subject to dismissal without prejudice, thus mooting his Motion.

On March 25, 2026, Plaintiff filed a Proof of Service form with a checkbox marked indicating that he served summons on "Jamin Classen, who is designated by law to accept service of process on behalf of MWJCRF Mail Room on March 16, 2026."  Doc. 20 at 2 (the underlined portions reflect the sections of the form Plaintiff filled in by hand).  The form was signed by Plaintiff and dated March 16, 2026.  *Id.*  He also included a Personal Property Transmittal Slip dated March 16, 2026, indicating he mailed "legal summons" to the U.S. Department of Justice in Washington, DC.  *Id.* at 3.  Finally, Plaintiff included a U.S. Postal Service receipt for certified mail, but there is no indication on the receipt the address to which the certified mail was sent.  *Id.*

3

Plaintiff's filing, though, does not evidence sufficient proof of service. As an initial matter, the undersigned understands Plaintiff's Proof of Service form simply to state that he mailed a summons form by giving it to someone in the mailroom of his custodial facility, the Midwest Joint Regional Correctional Facility. Similarly, the Personal Property Transmittal Slip only indicates that he sent (or intended to send) "legal summons" to the U.S. Department of Justice in Washington, DC. Notably, there is no indication on this form that mail was received by the Department of Justice. Additionally, a receipt for certified mail is not sufficient to prove service. "There is no authenticating post office stamp on any receipt showing they actually passed through the mails, nor is there a receipt or acknowledgment showing actual delivery of the complaint to the purported defendants." *Chester v. Green*, 120 F.3d 1091, 1091 (10th Cir. 1997).

Moreover, "there is nothing in the record indicating compliance with Federal Rule of Civil Procedure 4(i) pertaining to service upon . . . the United States." *Id.* (citation modified). Rule 4(i) requires service upon both the United States Attorney for the district where the action is brought and the Attorney General of the United States. Fed. R. Civ. P. 4(i); *see also, e.g., Gilles v. United States*, 906 F.2d 1386, 1387 (10th Cir. 1990) (noting service requirements for a case brought under the FTCA). Even assuming Plaintiff attempted to serve the Attorney General of the United States, there is no indication he attempted to serve the requisite United States Attorney.

In sum, Plaintiff has not shown proper service upon the United States. Accordingly, this action is subject to dismissal without prejudice. *See* Docs. 14, 18; *Chester*, 120 F.3d at 1091 (affirming dismissal without prejudice when the pro se plaintiff failed to obtain

4

service upon officers of the United States within the time period allowed under the Federal Rules of Civil Procedure).

### III.   Conclusion

For these reasons, the undersigned recommends that the Court dismiss this action without prejudice.  Adoption of this recommendation would moot Plaintiff's motion for default judgment, Doc. 21.  Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court **not later than August 21, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 31st day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE