**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ZACKERY J. ASKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-01159-JD |
| | ) | |
| UNITED STATES OF AMERICA and UNITED STATES ARMY, a Branch of the Department of Defense, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Chris M. Stephens. [Doc. No. 23]. In response to the R. & R., Plaintiff filed a motion, which the Court construes as his objections to the R. & R. [Doc. No. 24]. For the reasons outlined below, the Court accepts the R. & R.

Plaintiff, proceeding pro se, filed this Federal Tort Claims Act action, naming the United States of America and United States Army as Defendants. [Doc. No. 1]. The Court referred this case to Judge Stephens under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 22].

Prior to the R. & R., the Court granted Plaintiff an extension of time to complete service (60 days) and warned him that failure to serve Defendants by the deadline would result in the dismissal of this case. [Doc. No. 14 at 3]. When Plaintiff failed to complete service by the deadline, the Court ordered Plaintiff to prove timely service and once again warned Plaintiff about the dismissal of the action. [Doc. No. 18]. In response to that

order, Plaintiff filed a proof of service. [Doc. No. 20]. Plaintiff subsequently filed a motion for default judgment. [Doc. No. 21].

The R. & R. considered the adequacy of Plaintiff's proof of service and Plaintiff's motion for default judgment. [Doc. No. 23]. The R. & R. ultimately found that Plaintiff has not established proper service. [*Id.* at 3–4].

Specifically, the R. & R. outlined the deficiencies in Plaintiff's attempted proof of service, including that "[t]here is no authenticating post office stamp on any receipt showing they actually passed through the mails, nor is there a receipt or acknowledgment showing actual delivery of the complaint to the purported defendants." [*Id.* at 4 (quoting *Chester v. Green*, 120 F.3d 1091, 1091 (10th Cir. 1997))]. The R. & R. also explained that Federal Rule of Civil Procedure 4(i) requires Plaintiff to effectuate service upon the United States by serving both the United States Attorney for this district and the Attorney General for the United States and that Plaintiff has not indicated he attempted to serve the requisite United States Attorney. [*Id.*]. The R. & R. accordingly concluded that Plaintiff has not shown proper service upon the United States and recommends dismissing this case without prejudice. [*Id.*]. While the R. & R. explained that Plaintiff's motion for default judgment does not meet the requirements [*see id.* at 2–3], the R. & R. ultimately recommended that the adoption of the R. & R. recommending dismissal of the action without prejudice would render the motion moot. [*Id.* at 1, 5].

The R. & R. advised Plaintiff of his right to object by August 21, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 5 (citing *Moore v. United States*, 950

F.2d 656, 659 (10th Cir. 1991))]. Plaintiff filed a motion, which the Court construes as objections. [Doc. No. 24].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). However, when an objection is improper (objections that are not timely or specific), the Court may review the R. & R. under any standard it deems appropriate. *Cisneros v. Gomez*, Case No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991)). The Court will construe Plaintiff's objections liberally because he is proceeding pro se, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In Plaintiff's objections, Plaintiff concedes that his proof of service was inadequate and states that many of the errors are due to his pro se status or due to his present incarceration and related limitations. [*See* Doc. No. 24 at 1–2]. Plaintiff does not contend that the R. & R. contains legal or factual errors. Instead, Plaintiff requests that the Court allow Plaintiff to (again) attempt service or allow Plaintiff to proceed in forma pauperis. [*Id.* at 3]. Although the Court construes a pro se litigant's pleading liberally, a

pro se party must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). Proceeding pro se does not excuse the litigant from complying with the requirements of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Plaintiff, like other litigants, must comply with the Federal Rules of Civil Procedure regarding service and has failed to do so, despite the Court allowing ample opportunity. [*See* Doc. No. 14 (granting extension of time for service)].

Because Plaintiff has not argued that the R. & R. contains legal or factual errors, Plaintiff has not presented specific objections that entitle Plaintiff to de novo review of the R. & R. *See 2121 E. 30th St.*, 73 F.3d at 1060 (holding that objections must be specific to preserve an issue for de novo review by the district court or for appellate review). Alternatively, even if it were to conduct a de novo review, the Court agrees with the analysis of the R. & R. and adopts it fully. *See id.* at 1060–61 (recognizing that the objections "were not sufficiently specific to preserve any issue for appellate review" and explaining even where the district court conducts a de novo review sua sponte, that "does not warrant lifting the bar of appellate review under the circumstances presented").

For the reasons outlined above, the Court ACCEPTS the R. & R. [Doc. No. 23], DISMISSES this action without prejudice, and DENIES Plaintiff's motion for default judgment [Doc. No. 21] as moot. A separate judgment shall follow.

IT IS SO ORDERED this 2nd day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE